TOWN AND COUNTRY MOTORS, INC. D/B/A Ziebart Tidycar ME–90, Plaintiff,

v.

THE BILL DODGE AUTOMOTIVE GROUP, INC., Defendant.

No. CIV. 00–43–P–H.

United States District Court, D. Maine.

Sept. 29, 2000.

Nicholas J.K. Mahoney, Yarmouth, for Town and Country Motors, Inc., plaintiff.

Marshall J. Tinkle, David M. Hirshon, Tompkins, Clough, Hirshon & Langer, Portland, ME, for Bill Dodge Automotive Group, Inc., Bill Dodge Ford–Lincoln–Mercury, Inc., Bill Dodge Oldsmobile–Cadillac, Inc., Bill Dodge Oldsmobile–Buick–Pontiac–Gmc Truck, Inc., Bill Dodge Buick–Gmc Truck, Inc., defendants.

## ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

HORNBY, Chief Judge.

Town and Country Motors, the plaintiff, is a Ziebart franchisee that sells rustproofing services. The remaining defendant, a Bill Dodge dealership in Westbrook,[1] sells new and used cars. Apparently some Bill Dodge sales personnel have been discouraging their customers from purchasing aftermarket rustproofing services by saying that rustproofing will void the car manufacturer's warranty. As a result, Town and Country claims to have lost a substantial amount of its Ziebart rustproofing business. It sued Bill Dodge in state court charging four state-law counts and a violation of the federal Lanham Act. Bill Dodge removed the lawsuit to federal court and has now moved for summary judgment on all Counts. I conclude that Town and Country has advanced genuine issues of material fact to avoid summary judgment on the Lanham Act claim and a state deceptive practices claim. Bill Dodge is entitled to summary judgment on the two

---

**1.** At the final pretrial conference the plaintiff agreed to dismiss all the other defendants.

*See* Report of Final Pretrial Conference, Aug. 11, 2000, at 2.

Counts of interference with economic relationships, dismissal of the trade libel claim and partial summary judgment on the deceptive trade practices Count.

## A. INTERFERENCE WITH AN ADVANTAGEOUS ECONOMIC RELATIONSHIP

■ So far as the interference tort is concerned, Town and Country concedes that it must have evidence of intimidation. (Town and Country also concedes that it cannot proceed on its claim of negligence.) Town and Country asserts that the intimidation here was Bill Dodge's assertion that manufacturers' warranties would be voided if rustproofing were obtained. But there is no suggestion that Bill Dodge had any control over these manufacturers' warranties, only that it made the prediction. That distinguishes this case from cases where the Law Court has found intimidation based upon some threat a defendant made that was within its control to fulfill. *See, e.g., Pombriant v. Blue Cross/Blue Shield,* 562 A.2d 656, 659 (Me.1989) (affirming denial of JNOV where defendant threatened to withhold lower rates). Mere prediction that something may happen that is outside the predictor's control is not intimidation as that term is ordinarily used. Summary judgment is Granted to Bill Dodge on Counts I and II.

## B. TRADE LIBEL

■ The Law Court has not adopted the common law tort of trade libel. Federal court is not the place to make new state law. *See Jordan v. Hawker Dayton Corp.,* 62 F.3d 29, 32 (1st Cir.1995). Count V is DISMISSED.

## C. DECEPTIVE TRADE PRACTICES ACT

■ Town and Country relies on two subsections of 10 M.R.S.A. § 1212(1) (West 1997). Subsection (L) prohibits conduct which "similarly creates a likelihood of confusion or misunderstanding." In context, not just any confusion or misunderstanding will do; the "similarly" refers

back to confusion about source or origin. Here, the "confusion" Town and Country points to is confusion over whether rustproofing is a good idea and what its consequences might be. That is not enough.

■ Subsection (H), on the other hand, prohibits "disparaging the goods, services or business of another by false or misleading representations of fact." Town and Country survives summary judgment on this claim. Town and Country's evidence, if believed, shows that Bill Dodge personnel disparaged its goods and services.[2] I reject on the summary judgment record Bill Dodge's argument that the statement about voiding the warranty can only be viewed as a legal opinion, not a false statement of fact. Such statements by sales personnel in the context of closing an auto sale could be found by a factfinder to be statements of fact. On Count IV, summary judgment is GRANTED to Bill Dodge on the claim under section 1212(1)(L), but DENIED as to the claim under section 1212(1)(H).

## D. LANHAM ACT

■ The Lanham Act prohibits a false description or representation that "in commercial advertising or promotion, misrepresents the nature, characteristics, [or] qualities ... of ... another person's goods, services, or commercial activities...." 15 U.S.C.A. § 1125(a)(1)(B) (West 1998). The phrase "advertising or promotion" is not defined, and has provoked a good deal of uncertainty over how much of a limitation it amounts to. The First Circuit has not yet addressed the scope of this provision. But the Ninth and Fifth Circuits, *Coastal Abstract Service v. First Am. Title Ins. Co.,* 173 F.3d 725, 735 (9th Cir.1999); *Seven–Up Co. v. Coca–Cola Co.,* 86 F.3d 1379, 1384 (5th Cir.1996), have agreed that there must be: (1) commercial speech; (2) by a defendant who is in commercial competition with the plaintiff; (3)

---

**2.** I reject Bill Dodge's argument that because the alleged statement disparaged *all* rustproofers and rustproofing and was not limited

to the quality of *this* plaintiff's products, they are not actionable.

for the purpose of influencing consumers to buy defendant's goods or services. While the representations need not be made in a "classic advertising campaign," and may consist instead of more informal types of "promotion," the representations (4) must be disseminated sufficiently to the relevant purchasing public to constitute "advertising" or "promotion" within that industry.

### (1) Commercial Speech

■ Notwithstanding Bill Dodge's claim to the contrary, the speech here is certainly commercial. But the second, third and fourth elements are far more difficult.

### (2) Commercial Competition

Town and Country has two premises for its argument that the parties are in commercial competition.[3]

First it argues that Bill Dodge sells a directly competing rustproofing product In support, it offers the affidavit of a sales associate who worked for Bill Dodge for three months, November 1999 to January 2000, before being fired.[4] He says; "The dealership actively promoted the R–2000 product in full, including rust inhibition and undercoating." Haskins Aff. ¶ 4. In response, the Bill Dodge sales manager swears: "For the past seven years, Bill Dodge has not sold any rustproofing or rust inhibitor product. This includes the R–2000 rust inhibitor." Supp. Lewis Aff. ¶ 2. The sales manager swears that all Bill Dodge has sold from an R–2000 line is paint sealant that does not compete with rustproofing products. See id. ¶ 3. In addition, the sole distributor of R–2000 Anti–Rust Compound in Maine also swears that the product has not been purchased by Bill Dodge at least since 1994. Is there a genuine issue of material fact? Yes, given the affidavit by the short time sales associate. But this type of controversy should not remain a dispute of fact—records and closer questioning of the affiants should reveal the basis for the apparent disagreement without having to make a jury decide this issue.

Town and Country's second assertion of competition is more subtle. Its essence is that the parties are in competition as follows: Bill Dodge wants to sell its cars on the basis that they need no rustproofing, because that makes the overall cost to the consumer lower and permits Bill Dodge to sell more cars, whereas Town and Country wants to sell rustproofing to consumers who buy Bill Dodge cars, on the basis that rustproofing is necessary or at least advisable. Certainly Town and Country and Bill Dodge have divergent interests, and certainly they are "competing" to instill a different message in the consumer's mind, but are they competing over sale of a product? Not in the conventional usage of that term,[5] and Town and Country has no caselaw to support its argument. If that is the only "competition" Town and Country ends up with, judgment on the Lanham Act claims will go to Bill Dodge.

### (3) Influencing Consumers to Buy the Defendant's Goods or Services

Are the false statements made for the purpose of influencing consumers to buy Bill Dodge's cars or products?

Although Bill Dodge says that the statements are made only if a car purchaser

---

3. In its Objection to Defendant's Motion for Summary Judgment at 11, it asserts that the parties compete in sales of used cars and automobile accessories. Such competition, if it exists, is irrelevant to the claim in this case, which solely concerns rustproofing.

4. Bill Dodge's motion to strike this affidavit is DENIED. The motion is GRANTED as to ¶ 10 of the Searles affidavit, which is hearsay as to why Town and Country customers chose not to rustproof their cars.

5. Indeed, Town and Country has not contradicted the Bill Dodge General Sales Manager's affidavit that "[w]hether a customer decides to purchase rustproofing has no effect on Bill Dodge's sales or profits. After-market products in general do not affect the dealership's sales, which are governed by the retail value of any given vehicle and the degree of competition bearing on it." Lewis Aff. ¶ 6. See Pl.'s Response to Def.'s Statement of Material Facts ¶ 5.

 

asks about rustproofing, I cannot say from the summary judgment record that they do not have a role in closing the sale of a car.

#### (4) Sufficiently Disseminated to Constitute "Advertising" or "Promotion"

The alleged statements are not contained in any advertising or promotional campaign in the ordinary sense. But the caselaw sensibly does not limit the scope of the Lanham Act so narrowly. Promotion of a product can occur orally and can be one-on-one, the classic way in which a car is sold. The evidence is that the statements in question are offered, if at all, only when a customer inquires, and Town and Country has been able to acquire evidence of only a handful of actual incidents. But evidence of such matters is not always easy to come by and this seems to be enough to allow a factfinder to conclude that Bill Dodge was promoting the end of rustproofing within its customer base.

I reject Bill Dodge's argument that the alleged statements were not made "in commerce," as the Lanham Act requires. 15 U.S.C.A. § 1125. The Lanham Act defines "commerce" as "all commerce which may lawfully be regulated by Congress." 15 U.S.C.A. § 1127 (West 1998). Here, both Town and Country's and Bill Dodge's products come from out-of-state; both businesses are themselves engaged in interstate commerce. If false statements are being made to affect the sale of goods or services, then they can be said to substantially affect interstate commerce, enough to meet the Lanham Act requirement. *See Summit Technology, Inc. v. High–Line Medical Instr. Co.*, 933 F.Supp. 918, 934 n. 10 (C.D.Cal.1996); *Goldsmith v. Polygram Diversified Ventures, Inc.*, 37 U.S.P.Q.2d 1321, 1323–24 (S.D.N.Y.1995).

I also reject Bill Dodge's argument that the alleged statements do not disparage the quality of Town and Country's services because the statements apply to all rustproofing from any source. Nothing in the Lanham Act suggests such a limitation.

Accordingly, summary judgment is GRANTED on Counts I and II, GRANTED IN PART and DENIED IN PART on Count IV, and DENIED on Count III. Count V is DISMISSED.

SO ORDERED.